UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAVAGE LAND, LLC, a Washington limited liability company,<br><br>    Plaintiff,<br><br>  -vs-<br><br>SPOKANE COUNTY WATER DISTRICT NO 3, a Washington municipal corporation,<br><br>    Defendant. | NO. CV-12-0625-LRS<br><br>CERTIFICATION TO THE WASHINGTON SUPREME COURT |

This matter comes before the court on Defendant Spokane County Water District No. 3's ("Water District") Motion to Certify Question to the Washington Supreme Court, ECF No. 10, filed on January 25, 2013. Oral argument was held on April 17, 2013 in Spokane, Washington. The Court has stayed Plaintiff's Summary Judgment Motion (ECF No. 15), pending resolution of the requested referral to the Washington Supreme Court.

**I.  BRIEF FACTS**

On May 5, 2008, Savage Land Pizza was destroyed by a fire. Savage Land, LLC (hereinafter "Savage Land") owned Savage Land Pizza and the property on which the building was located. Subsequent to the fire, Savage Land set about to rebuild the restaurant. As part of that construction process, Savage Land paid for and installed an 8" water main

ORDER - 1

that extended southward from its north property line to the existing 8" water main further down the road. Installation of the line was required by the Water District as a condition for receiving service from the District.

In conjunction with the installation of the 8" main, the Water District and Savage Land (via its contractor) entered into a "Water Main Extension Agreement" (hereinafter referred to as the "Latecomers Agreement"). That Latecomers Agreement provided generally that any parcel of land that subsequently connected to the newly-installed 8" water main would be required to reimburse Savage Land (via its contractor) a pro-rata share of the costs incurred by Savage Land in installing the 8" water main.[1]

Originally, Savage Land's construction designs/plans called for Savage Land to place the new 8" main adjacent to the existing 4" main, as opposed to replacing the 4" main. However, Savage Land's engineers, Simpson Engineers, determined that due to existing in-ground utilities, it was easier to remove the 4" main and replace it with the new 8" main. Therefore, Simpson Engineering, on behalf of Savage Land, changed the original plan and decided to replace the 4" main with a new 8" main.

Subsequently, three adjoining parcels (Parcel Nos. 45203.9019, 45205.9025, and 45202.9067) connected to the 8" main. Had the 8" line not been installed, however, Parcel Nos. 45203.9019, 45205.9025, and 45202.9067 would have never hooked up to the new 8" main, but would have instead continued to receive water service from the existing 4" main.

---

[1] At oral argument, Plaintiff's counsel represented the cost to lay the 8" main was approximately $90,000.

ORDER - 2

At the time the 4" water main was originally installed, Parcel Nos. 45203.9019, 45205.9025 and 45202.9067 paid construction and connection fees required by a previous owner of the water facilities before the District was formed. Accordingly, when these parcels were temporarily disconnected from the 4" water main, and then reconnected to the 8" main, the Water District did not seek recovery of any "connection fees" from the owners of these parcels, as they were not "subsequent Customer[s] applying for services" according to the Water District.

Savage Land now brings this suit against the Water District for money it claims it is owed pursuant to the Latecomers Agreement. Savage Land also alleges constitutional claims arising from the Water District's "requirement" that Savage Land install the 8" water main.

The District has denied all claims, relying primarily upon RCW 57.22.020. Specifically, the Water District contends that it had the statutory right to require installation of the 8" water main, and that Savage Land is owed no money pursuant to the Latecomer's Agreement.

## II. WATER DISTRICT'S MOTION TO CERTIFY QUESTION

The Water District's defense in this case is simple: RCW 57.22.010 gave it the authority to enter into the Latecomer's Agreement with Savage Land and that pursuant to RCW 57.22.020(1), the three adjoining parcels which were disconnected from the 4" main and reconnected to the 8" main are not "latecomers" from whom the Water District must seek reimbursement for the benefit of Savage Land. Resolution of Savage Land's claims herein, whether in favor of the Water District or Savage Land, necessitates interpretation of RCW 57.22.020, and that since that statute has not previously been interpreted by any Washington court,

ORDER - 3

certification to the Washington Supreme Court is proper. The Water District's position is that the Court should certify the following questions to the Washington Supreme Court:

1. **Does RCW 57.22.010 give water districts the authority to enter into contracts with property owners for the expansion of a water system at the sole cost of the property owner**?

2. **What is the definition of "owners who subsequently connect to or use the facilities" as that term is used in RCW 57.22.020**?

The Water District asserts that if these questions are answered in a manner consistent with the Water District's position, summary dismissal of Savage Land's constitutional and other claims will be proper. The Water District's position, without the benefit of the Washington Supreme Court's interpretation, is that the three parcels in question (1) did not "subsequently connect" to the 8" water main; and (2) did pay for the original cost of installing the 4" main, making Savage Land's claims fail as a matter of law.

**III. PLAINTIFF'S OPPOSITION TO CERTIFICATION**

Plaintiff argues certification should be denied because it will not resolve the issues in this lawsuit. Further, Plaintiff questions, if the Water District truly believed that the interpretations of the state statutes were so controlling, why would it remove the matter in the first place? Plaintiff additionally complains that Defendant is trying to delay and effectively cause Plaintiff to incur additional attorney fees and costs.

Plaintiff asserts that the state statutes which the Water District seeks to have judicially reviewed would amount to mere academic and advisory opinions that would not resolve this case. Plaintiff notes that

ORDER - 4

the Water District has not entered into a latecomer agreement with Savage Land, but rather with a contractor of Savage Land. RCW 57.22.010 and 57.22.020 only authorize a latecomer agreement to be entered into with the property owner who paid for the construction. The Water District nevertheless agreed to enter into the latecomer agreement with Savage Land's general contractor, Spokane Structures, Inc., which purportedly is in Chapter 7 Bankruptcy. Savage Land did not learn about this separate latecomer agreement until just prior to filing the state court lawsuit.[2]

Plaintiff also states that the Water District glosses over any analysis of how Savage Land would receive any money from the latecomer agreement entered into between the Water District and Spokane Structures, Inc. At the hearing, however, Defendant Water District stipulated that it would strike Spokane Structures, Inc.'s name on the contract, replacing it with Savage Land's name for purposes of this lawsuit.

Plaintiff Savage Land asserts it is simply asking for damages in this lawsuit for being forced to pay the entire cost to install the water main required incident to rebuilding and operating its restaurant. Plaintiff concludes having the Washington Supreme Court review these statutes will not resolve this federal lawsuit, and will not dispose of the need to address Savage Land's Fifth Amendment takings claim, and the Fourteenth Amendment Equal Protection Act claim, being brought pursuant 42 U.S.C. § 1983. Further, even if a state statute authorizes saddling

---

[2] Defendant acknowledged during oral argument that any rights in the Latecomers Agreement which accrued to Spokane Structures, Plaintiff's contractor, would by agreement flow and inure to Plaintiff for all purposes herein.

ORDER - 5

one property owner with the entire cost of constructing a public infrastructure, that does not make it constitutional. Savage Land requests that the Court instead rule on their separate pending motion for summary judgment.

**IV.  ANALYSIS**

"Use of the certification procedure in any given case 'rests in the sound discretion of the federal court.'" *Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) (*quoting Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974)). The standard for certification of a question is codified as follows:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Wash. Rev.Code § 2.60.020.

The United States Supreme Court has explained that "mere difficulty in ascertaining local law is no excuse for remitting the parties to a state tribunal for the start of another lawsuit." *Lehman Bros. v. Schein*, 416 U.S. 386, 390, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). Further, the existence of "doubt as to local law" does not make certification "obligatory." *Id.* at 390-91. Rather, the use of a certification process "in a given cases rests in the sound discretion of the federal court." *Id.* at 391.

The Ninth Circuit has noted:

> Federal courts are not precluded from affording relief simply because neither the state Supreme Court nor the state legislature has enunciated a clear rule governing a particular type of

ORDER - 6

> controversy. Were we able to invoke only clearly established state law, litigants seeking to protect their rights in federal courts by availing themselves of our diversity jurisdiction would face an inhospitable forum for claims not identical to those resolved in prior cases.

*Paul v. Watchtower Bible & Tract Soc'y*, 819 F.2d 875, 879 (9th Cir. 1987). Nevertheless, a federal court has "an obligation to consider whether novel state-law questions should be certified." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist., No. 1*, 294 F.3d 1085, 1086 (9th Cir. 2002).

In the present matter, the Court finds certification is preferable given the unique facts and the claims brought by Plaintiff. For instance, the certified question involving the definition of "owners who subsequently connect or use the facilities" goes to the heart of the "rough proportionality test" proposed by Savage Land to determine if its constitutional rights have been violated. If the Washington Supreme Court determines that the adjoining parcel owners did not "subsequently connect" to the 8" water main, then the "requirement" of the construction of the new 8" water main is "rough[ly] proportional" both in nature and extent to the impact on Savage Land. In conclusion, the proposed certified questions materially alter the determination of the federal constitutional questions at issue in the instant case, making certification proper.

**V.   CONCLUSION**

Accordingly, it is respectfully requested that the Washington Supreme Court consider and answer the following questions:

**QUESTION NO. 1**: Does RCW 57.22.010 give water districts the authority to enter into contracts with property owners for the expansion

ORDER - 7

of a water system at the sole cost of the property owner?

**QUESTION NO. 2**: What is the definition of "owners who subsequently connect to or use the facilities" as that term is used in RCW 57.22.020?

If the Washington Supreme Court decides to consider these certified questions, it may in its discretion reformulate the questions. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).

**RECORD**

Attached hereto is a certified copy of ECF Nos. 1-9 (Notice of Removal and related documents); ECF Nos. 15-18 (Plaintiff's Motion for Summary Judgment and related documents); ECF Nos. 21-23 (Summary Judgment Briefs filed by Defendant and Plaintiff); and ECF No. 26 (Answer to Complaint). This constitutes the "record" pursuant to RCW 2.60.010(4). This "record" contains all matters in the pending cause material for consideration of the certified questions.

**BRIEFS**

If the Washington State Supreme Court accepts certification, the Plaintiff shall file the first brief in the Washington Supreme Court. RAP 16.16(e)(1).

**IT IS SO ORDERED** that:

1. Defendant Spokane County Water District No. 3's Motion to Certify Question to the Washington Supreme Court, **ECF No. 10**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (**ECF No. 15**), currently stayed, is vacated subject to re-noting pending the Washington Supreme Court's decision re: certification, if necessary.

3. The Scheduling Order (ECF No. 31) entered on May 3, 2013 remains in effect subject to modification, if necessary, based on the timing of

1  events at the Washington Supreme Court.

2      4. If this case is then still before the Washington Supreme Court,
3  a telephonic status conference is **SET** for February 19, 2014 at 10:30 a.m.
4  **The parties shall call the Court's public conference line at (877)**
5  **336-1828; Access Code: 3470056; Security Code: 0625 at the time scheduled**
6  **for the conference**. The purpose of this conference is to determine if the
7  Scheduling Order needs to be amended; if Washington Supreme Court review
8  is denied by the court during the interim, the parties shall immediately
9  so advise this court and request an earlier telephonic status conference.

10      The District Court Executive shall enter this certification, forward
11  a certified copy thereof and a certified copy of the designated record
12  to the Washington Supreme Court, and forward copies of this certification
13  to counsel.

14      **DATED** this 22nd day of May, 2013.

16                                              *s/Lonny R. Suko*

18                                    LONNY R. SUKO
                       UNITED STATES DISTRICT JUDGE

ORDER - 9